UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GE LIGHTING SOLUTIONS, LLC, | ) | CASE NO. 1:12-cv-3127 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| -vs- | ) | |
| | ) | <u>ORDER</u> |
| TECHNICAL CONSUMER PRODUCTS, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before this Court for resolution of a discovery dispute between the plaintiff, GE Lighting Solutions, LLC ("GE"), and the defendant, Technical Consumer Products, Inc. ("TCP"), in a patent infringement case. The Court requested position statements which were received on July 2, 2014. Upon review of the position statements and their attachments, the Court hereby ORDERS as follows:

1. GE shall produce to TCP any and all settlement and any other agreements concerning the patents-insuit with 14 days of this Order.

2. With respect to GE's initial infringement contentions, the Court directs GE to be more specific as to why it believes that TCP's products infringe its patents by indicating the specific structure in the accused products that GE claims satisfies each limitation of the asserted claims. Similar to Judge Polster's order, GE shall accomplish this by "[u]sing pictures of the accused product, GE shall identify the specific structure by highlighting it or using arrows. The Court understands that this is difficult to do using a one-dimensional image of the product, but GE shall make a good faith effort to identify the specific structure." *GE Lighting Solutions, LLC*

*v. Lighting Science Group Corp.*, No. 2012-cv-3132, 12/03/2013 Docket Entry. GE shall comply with this Order within 7 days.

3. The Court hereby DENIES GE's request to seek discovery on an additional 436 TCP products not identified in the Complaint. Federal Rule of Civil Procedure 26(b) requires that discovery must relate to a matter, not privileged, that is relevant to a claim or defense. Relevant information need not be admissible at trial but must be reasonably calculated to lead to the discovery of admissible evidence. *Id.* The Court may limit discovery if the burden or expense outweighs its likely benefit, taking certain factors into consideration.

The Court agrees that although at times it may be appropriate to permit discovery on unaccused products, "a plaintiff is not entitled to accuse certain products of infringement, and then ask for discovery on every other product on a mere suspicion that other products might infringe as well." *01 Communique Laboratory, Inc. v. Citrix Systems, Inc.*, Slip Copy, 2014 WL 2506250, at *4 n. 6 (N.D. Ohio, June 3, 2014) (*citing Honeywell Intern. Inc. v. Audiovox Communications Corp.*, 2005 WL 3988905, at *2 n. 2 (D.Del. Oct. 7, 2005)).

Although GE has identified and seeks information on 436 TCP products not identified in the Complaint, the Court finds that the identification at this point consists of "mere suspicion" of infringement. Without more than this mere suspicion, GE's request is unduly burdensome on TCP and the burden outweighs the likely benefits of allowing the discovery. Accordingly, at this time the Court denies GE's request to conduct discovery on an additional 436 TCP products not identified in the Complaint

4. GE seeks a Court order requiring TCP to provide following categories of documents: (1) corporate organization, personnel, facilities, divisions, and similar documents, other than one organization chart; (2) financial documents and business plans for the Accused

Lamps; (3) documents concerning the patents-in-suit or this litigation; (4) complete design, testing, and manufacturing documents on the Accused Products; and (5) agreements with third parties, including patent licenses.  GE claims these documents are relevant to GE's claims and TCP's defenses. TCP does not dispute its responsibility to provide the requested documents, should they exist, and proposed a "substantial completion date" of July 14, 2014 for producing the outstanding documents.

      TCP is ORDERED to fully respond to the outstanding discovery requests or indicate why no document exists within 7 days of this Order.

      IT IS SO ORDERED.


Dated:  July 18, 2014                          */s/ John R. Adams*_____ _____
                                                      UNITED STATES DISTRICT JUDGE