# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| GE Lighting Solutions, LLC, | ) | Case No. 5:12 CV 3127 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| Technical Consumer Products, Inc., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |

This matter comes before the Court on the decisions entered by Judge Polster in *GE Lighting Solutions, LLC v. Lights of America, Inc.,* Case No. 1:12-cv-3131 (N.D. Ohio); *GE Lighting Solutions, LLC v. Lighting Science Group Corp.,* Case No. 1:12-cv-3132 (N.D. Ohio); *GE Lighting Solutions, LLC v. Feit Electric Company, Inc.,* Case No. 1:12-cv-3134 (N.D. Ohio); and *GE Lighting Solutions, LLC v. MSI, LLC,* Case No. 1:12-cv-3136 (N.D. Ohio) invalidating the '999 and '864 patents that are the bases of the action herein.  Defendant, Technical Consumer Products, Inc., asserts, and Plaintiff, GE Lighting Solutions, LLC ("GE"), acknowledges, the preclusive effect of the invalidity determination pursuant to *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313 (1971)[1]  and *Pharmacia & Upjohn Co. v. Mylan Pharmaceuticals, Inc.,* 170 F.3d. 1373 (Fed. Cir. 1999)[2].  GE requests that this Court

---

[1] In which the Supreme Court overruled *Triplett v. Lowell* in part finding that issue preclusion or "collateral estoppel" is permitted in the context of patent infringement suits "once it is determined that the issue in both actions [is] identical" and the entity asserting collateral estoppel faces "a charge of infringement of a patent that has once been declared invalid" whether or not the entity seeking the protection of the prior determination was a party to action that resulted in the invalidity finding.  *Id.* at 347 and 350.

[2] In which the Federal Circuit, applying the Supreme Court's decision in *Blonder-Tongue*, summarized the estoppel principle: " 'once the claims of a patent are held invalid in a suit involving one alleged infringer, an unrelated party who is sued for infringement of those claims may reap the benefits of the invalidity decision under the principles of collateral estoppel.' (internal citation omitted)  *Id.* at 1379 citing *Mendenhall v. Barber-Green Co.,* 26 F.3d 1573 (Fed. Cir. 1994).

enter judgment forthwith so that this action can be included in the consolidated appeal of Judge Polster's decisions.  Accordingly the matter is DISMISSED.

In addition to a final appealable order, GE also seeks an order instructing Technical Consumer Products, Inc. to retain all documents "within GE's understanding of the scope of GE's discovery requests." (Brief in Response to the Court's August 14, 2015 Order, 2.)  In response Technical Consumer Products, Inc. objects that it would be impossible for the Court to enter an order based on GE's understanding, and states that it continues to maintain material relevant to the matter.  To the extent that GE seeks an order based on the party's own interpretation of discovery obligations that motion is DENIED.  Both parties remain under an obligation to abide by the duties imposed under the Federal and Local Rules governing record keeping in the context of litigation.

**IT IS SO ORDERED**.


_____*John R. Adams*_____
**U.S. DISTRICT COURT JUDGE**
**NORTHERN DISTRICT OF OHIO**



Dated: September 14, 2015